Filed 4/29/21  P. v. Nolan CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B306447 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA033029) |
| v. | |
| DEMPSEY NOLAN, JR., | |
| Defendant and Appellant. | |

THE COURT:

In 1997, Dempsey Nolan, Jr., (appellant) was charged with first degree residential burglary (Pen. Code, § 459).  The information alleged that he had suffered two prior serious felony convictions for first degree burglary within the meaning of Penal Code sections 667, subdivisions (b) through (i) and 1170.12, subdivisions (a) through (e).  As alleged, the first prior conviction occurred on January 10, 1989, in case No. A647353, and the second prior conviction occurred on April 4, 1989, in case No. A920347.

In 1998, appellant was convicted by a jury of the 1997 burglary charge. The trial court imposed a sentence of 25 years to life under the "Three Strikes" law. Subsequently, the Court of Appeal affirmed the conviction.

Appellant filed a petition for writ of habeas corpus. He argued that he should be resentenced as a second-strike offender. Per his petition, he entered a guilty plea in case No. A647353 on January 10, 1989, pursuant to a plea agreement that was designed to resolve case No. A647353 (first-degree burglary charged in Compton), case No. 648728 (sexual battery charged in Compton), and case No. A920347 (first degree-burglary charged in Torrance). The agreed sentence was five years in state prison for all three cases combined. Appellant was sentenced in case No. A647353 on January 24, 1989. Then, on April 4, 1989, he was sentenced to a concurrent four-year term in case No. A920347. Appellant represented that he was not present on April 4, 1989, he never entered a guilty plea in case No. A920347, and he never waived his right to a jury trial and confrontation of his accusers, and he never waived his right against self-incrimination. As a result, he claimed that the prior serious felony conviction in case No. A920347 was invalid and did not support the third strike sentence.

The trial court denied the petition. In the minute order, it stated, "[Appellant] asserts that the strike prior in case [No.] A920347 could not be used to sentence [him] pursuant to the Three Strikes law insofar as the legal record reflects that he entered a not guilty plea on [October 25, 1988]. While this is correct, the abstract of judgment reflects that he was subsequently sentenced to [four] years in state prison on [April 4, 1989]. A common sense reading of the [appellant's] exhibits

establish[es] that subsequent to his arraignment on [October 25, 1989], [he] changed his plea and was convicted of first degree residential burglary in case [No.] A920347."

Appellant now appeals.

## DISCUSSION

Appointed counsel filed a brief stating that there are no arguable issues and requesting that we follow the procedure in *People v. Serrano* (2012) 211 Cal.App.4th 496.  On January 8, 2021, we notified appellant of counsel's no merit brief and advised him that he had 30 days to file a supplemental brief or letter stating any grounds for appeal.  Appellant filed a supplemental brief.  As established in *People v. Cole* (2020) 52 Cal.App.5th 1023, 1039–1040, our sole task is to review the arguments that he has raised.

He does not argue that the trial court erred.  Rather, he reargues his petition and asserts he is entitled to relief because he did not enter a guilty plea in case No. A920347, he was not present at a hearing on April 4, 1989, and, except for the abstract of judgment, there is no record that case No. A920347 was adjudicated.  Because he has not shown prejudicial error, we must affirm.  (Cal. Const., art. VI, § 13.)

To be complete, we note that the trial court made a factual finding that appellant changed his plea in case No. A920347 to guilty and was convicted and sentenced accordingly.  Impliedly, appellant is challenging the sufficiency of the evidence to support the trial court's factual finding.  When reviewing the sufficiency of the evidence, we determine whether there is substantial evidence, contradicted or uncontradicted, which will support the trial court's factual determinations.  (*Ermoian v. Desert Hospital* (2007) 152 Cal.App.4th 475, 501.)  When he entered his plea in

case No. A647353, the prosecutor stated that under the terms of the deal, appellant would be sentenced to four years in case No. A647353 and a consecutive one-year sentence in the sexual battery case, both of which were in Compton, and that the five-year sentence would "be concurrent to the time he receives in [case No. A920347 in Torrance], which would be no more than five years." The prosecutor explained that "in the next week or so [appellant is] going to be pleading guilty to a residential burglary in Torrance. And I believe the case number is 920347." The trial court asked if it would be "five years all around," and the prosecutor said that was correct. The prosecutor informed the trial court that the deal had been explained to appellant "downstairs," at which point the prosecutor then asked appellant, who was in court, if he understood the deal. Appellant said, "Yes sir." Appellant was sentenced in case No. A647353 and the sexual battery case as agreed. The April 4, 1989, minute order in case No. A920347 stated that the case was called for trial, appellant and his attorney were present and waived the right to trial, and appellant was sentenced to the mid-term of four years in state prison. (The bottom portions of the two pages of the minute order are cut off and therefore missing.) Finally, there is an abstract of judgment showing that on April 4, 1989, appellant was sentenced consistent with the minute order. Because this evidence supported the trial court's factual finding, and because it was reasonable in nature, credible, and of solid value (*ibid*.), we conclude that the record contained substantial evidence that appellant changed his plea to guilty and was convicted in case No. A920347.

4

**DISPOSITION**

The order denying appellant's petition for writ of habeas corpus is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____

LUI, P. J          ASHMANN-GERST, J.          HOFFSTADT, J.